IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CATHERINE MARSTON, #1306127, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:07-CV-1659-B |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Div., | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been re-referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for habeas corpus relief submitted by a state prisoner.

Parties: Petitioner is currently confined within the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID). Respondent is the Director of TDCJ-CID. The court did not issue process in this case pending preliminary screening.

Statement of the Case: On September 27, 2007, the clerk received a letter from Petitioner addressed to District Judges Boyle and Lynn, along with numerous attachments (totaling approximately 160 pages). In addition to being very lengthy, the letter and attachments were practically unintelligible and rambling. Nevertheless, the court filed the letter as a new habeas corpus petition pursuant to 28 U.S.C. § 2254,because it appeared Petitioner sought to challenge

her Travis County convictions for violation of a protective order and burglary of habitation in Cause No. D1DC-2005-300053. On October 25, 2007, in response to the court's first deficiency order, Petitioner submitted a motion to proceed *in forma pauperis* and a second pleading (totaling 25 pages). Petitioner, however, failed to submit her pleadings on the court-approved habeas form as ordered by the court.

On November 2, 2007, the court issued a second deficiency order advising Petitioner that her habeas pleadings were not filed on the appropriate form and that she needed to re-submit them on the court approved form, which the clerk again mailed to her along with the order. The order directed Petitioner to cure the deficiency within thirty days and cautioned her that failure to comply with the order would result in a recommendation that the petition be dismissed for failure to prosecute.

On November 20, 2007, and January 9, 2008, the court twice gave Petitioner extensions of time to submit her pleadings on the habeas form, effectively giving her until February 4, 2008 to comply with the court's deficiency order. Both orders reiterated that failure to comply with the deficiency order would result in a recommendation that the petition be dismissed for failure to prosecute.

As of the date of this recommendation, Petitioner has failed to comply with the court's deficiency order. In her last correspondence, filed on January 25, 2008, Petitioner advises the court that she has filed an appeal with the U.S. Court of Appeals for the Fifth Circuit, which divests this court of all jurisdiction over her case. A search of the Fifth

Circuit website reflects no pending appeal as of the date of this recommendation.

Findings and Conclusions: Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Petitioner has been given ample opportunities to comply with the deficiency order and submit her petition on the court-approved habeas form. She has refused and outright declined to do so. Therefore, this action should be dismissed without prejudice for want of prosecution. *See* Fed. R. Civ. 41(b).

In the event a statute of limitations may bar re-prosecution of a suit dismissed under Rule 41(b) without prejudice, the scope of the district court's discretion is narrower. Where limitations "prevents or arguably may prevent" further litigation, the district court may dismiss for want of prosecution only when there is a clear record of delay or contumacious conduct by the plaintiff and the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).[1]

---

[1] If an action would be barred by the statute of limitations, a dismissal under Rule 41(b) is tantamount to a dismissal with prejudice. *Berry*, 975 F.2d at 1191.

In this case, Petitioner has a clear record of purposeful delay and contumacious conduct. This case has been pending for over four and one-half months since its initial filing on September 27, 2007. The district court twice issued its deficiency order and twice granted Petitioner an extension of time to comply with the deficiency order. In light of Petitioner's steadfast refusal to submit her claims on the court-approved, habeas form, a lesser sanction would not prompt diligent prosecution. Absent a legible, concise petition, the court is unable to conduct its preliminary screening function and determine whether jurisdiction and venue are proper in this district, and whether the case is subject to summary dismissal or whether service of process should issue on respondent. Accordingly, the district court should exercise its discretion to dismiss under Rule 41(b) even if limitations may prevent further litigation of Petitioner's claims.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED without prejudice for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Signed this 22nd day of February, 2008.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.